PER CURIAM.
Appellant, the claimant below, appeals the judge of compensation claims’ (“JCC”) finding that she was not treated in an emergency situation, thus the resulting medical bills are not payable by the employer/carrier (E/C). We reverse because the finding is not supported by competent substantial evidence.
Claimant sustained a compensable back injury in 1988 for which she had disc surgery in 1990. The controversy in this appeal results from her hospitalization in June, 1991. Claimant testified she had been in extreme pain in her legs and feet, which became progressively worse over a period of a month or six weeks. On June 19, 1991, she called her treating physician’s office and relayed her complaints. She said she was in so much pain she could not drive herself to the office. The doctor’s office called her back several hours later and told her to report to the hospital. She had someone drive her there. Claimant testified that while in the hospital she received physical therapy, ultrasound to the low back and hip area, hot packs, massage therapy, and steroids.
The authorized treating physician, Dr. Kantzler, said claimant was hospitalized for intractable pain secondary to her back injury and that he put her in the hospital because she was not responding to outpatient treatment. She received physical therapy, including traction, and was given pain medication and anti-inflammatories. There was also evidence that some of the treatment provided could only be given in the hospital setting. Dr. Kantzler added that ordinarily his office would call the carrier for authorization, but claimant was in such an acute state that they recommended she go directly to the hospital. Dr. Kantzler described claimant’s condition as urgent. While he distinguished an urgent situation from a life or death situation, he also said claimant was in need of immediate attention. In the final order, the JCC found that the treatment rendered claimant at the hospital was not of an emergency nature and denied payment of the resulting hospital bills.
Section 440.13(2)(a), Fla.Stat. (1990), provides that a health care provider may not refer an employee to another facility without prior authorization or unless emergency care is required. The uncontradicted testimony of the authorized treating physician in this case establishes that claimant’s intractable pain required immediate care which could only be provided in the hospital, therefore the JCC’s finding on this issue is not supported by competent substantial evidence. Chapter 440 does not require a life or death situation for there to be an emergency. See, e.g., Machacon v. Yelda Dairy, 619 So.2d 380 (Fla. 1st DCA 1993) (MRI performed on emergency basis for low back injury).
Appellees have not directed our attention to any evidence in the record that would support the JCC’s finding. They argue that claimant spoke to Dr. Kantzler’s office personnel rather than directly to Dr. Kantzler on the day she was hospitalized, and that there was a gap in time between the event and Dr. Kantzler’s deposition. These factors do not support a finding that the hospitalization was not an emergency.
The finding that there was no emergency, thus E/C are not responsible for the bills of Suneoast Osteopathic Hospital and Suncoast Medical Imaging, is REVERSED. Because of our resolution of this issue, it is unnecessary to address appellant’s alternative issues on appeal.
ERVIN, JOANOS and KAHN, JJ., concur.